UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-383-F

| | |
|---|---|
| MARY THERESA SCOTT,<br>    Appellant, | )<br>)<br>) |
| v. | )<br>) |
| METROPOLITAN HEALTH<br>CORPORATION d/b/a METROPOLITAN<br>HOSPITAL, | )   ORDER<br>)<br>) |
| and | )<br>) |
| MICHAEL FAAS,<br>    Appellees. | )<br>)<br>) |

This matter is before the court on Appellant Mary Theresa Scott's ("Scott") Motion for Stay Pending Appeal [DE-42]. The motion has been fully briefed and is ripe for ruling. For the reasons explained below, the motion is DENIED.

## I. PROCEDURAL AND FACTUAL HISTORY

The procedural and factual history of this bankruptcy appeal are fully set forth in the court's order affirming the bankruptcy court. August 23, 2013 Order [DE-39]. The court briefly summarizes the facts relevant to the pending motion. Scott has appealed the court's August 23, 2013 Order, which affirmed the Bankruptcy Court's finding that the approximate $1.6 million debt she owes appellees (collectively, "Metropolitan") is non-dischargeable in bankruptcy. This court held that Scott was collaterally estopped from arguing that the debt was not incurred "for willful and malicious injury . . . to another entity." *See* 11 U.S.C. § 523(a)(6) (exempting from discharge debts incurred as a result of willful and malicious injury); August 23, 2013 Order [DE-

39] at 29. According to the parties, because the court held the debt was non-dischargeable, Metropolitan can resume collection efforts unless the court stays enforcement of its August 23, 2013 order pending appeal.

## II. ANALYSIS

### A. Standard of Review

Rule 8 of the Federal Rules of Appellate Procedure provides that a party must file a motion for a stay of a judgment or order pending appeal initially in the district court. Fed. R. App. P. 8(a). The standard of review on a motion to stay pending appeal is similar to the standard for granting a preliminary injunction. *Nken v. Holder*, 556 U.S. 418, 434 (2009); *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970). The court must consider the following factors: (1) likelihood of success on the merits; (2) likelihood the moving party will suffer irreparable harm if a stay is not granted; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) whether the stay is in the public interest. *Nken v. Holder*, 556 U.S. at 433-34; *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Long*, 432 F.2d at 979.

In the context of a motion for a stay pending appeal, "the first two factors of the . . . standard are the most critical." *Nken*, 556 U.S. at 434; *Sofinet v. INS*, 188 F.3d 703, 707 (7th Cir. 1999). The moving party must show "more than the mere possibility" of success on the merits under the first factor, *Nken*, 556 U.S. at 434, and, under the second factor, more than a possibility of irreparable injury. *See Winter v. Natural Resources Defense Council*, 555 U.S. 7, 22 (2008).

2

## B. Discussion

The court finds that Scott has failed to make a sufficient showing to warrant a stay pending appeal. With respect to the likelihood of success on the merits, Scott maintains that the court erred in its application of the collateral estoppel factors and the equitable exceptions to the doctrine. Specifically, Scott challenges the court's holding that a full evidentiary hearing was not required on the issue of Scott's intent to injure Metropolitan where she admitted the litigation misconduct. *See* August 23, 2013 Order [DE-39] at 21-25. Scott maintains that the "admissions . . . are absent from the underlying record." Mem. in Supp. of Mot. for Stay Pending Appeal [DE-43] at 3.

Scott fails to address the portions of the record cited by the Michigan District Court that, in the court's view, establish that she admitted the litigation misconduct in this case. *See United States ex rel. Scott v. Metro. Health Corp.*, 375 F. Supp. 2d 626, 638 (W.D. Mich. 2005). The Michigan District Court cites to specific portions of Scott's brief in which she admits altering the minutes of a corporate board meeting. Because Scott altered the minutes, Metropolitan had ample cause to terminate her employment. *Scott v. Metro. Health Corp.*, 234 F. App'x. 341, 351-52 (6th Cir. 2007). Despite her undisputed knowledge that she altered the minutes, Scott maintained a lengthy retaliation suit against Metropolitan. Her admissions to doctoring the minutes establish that the suit was factually baseless, and her continued pursuit of the baseless retaliation suit establishes her bad faith. Scott's instant motion makes no attempt to show why this conclusion was erroneous, other than to state in conclusory fashion that the "admissions are absent from the underlying record." Scott has failed to carry her burden of a likelihood of success on the merits on this basis.

3

Similarly, Scott's arguments regarding the failure to provide an evidentiary hearing on the issue of her intent and the uncertainty of the Fourth Circuit standard for evaluating § 523(a)(6) claims fail to show a likelihood of success on the merits. The court addressed both of these arguments in detail in the August 23, 2013 Order and Scott's brief makes no attempt to demonstrate why the court's prior rulings on either of these issues were erroneous or otherwise likely to be reversed on appeal. Instead, Scott states in conclusory fashion that the Fourth Circuit will likely rule in her favor on these issues. That is not sufficient to show "likelihood of success on the merits." *Nken*, 556 U.S. at 434 ("[M]ore than a mere possibility of relief is required [to show likelihood of success on the merits].").

Turning to Scott's showing regarding irreparable harm, Scott advances two arguments. First, she argues that absent a stay, she would be forced to focus on both the appeal and addressing Appellees' efforts to execute on the judgment, which in the past have been extensive. While the court acknowledges that this circumstance is inconvenient, the court disagrees that it rises to level of irreparable harm. The court is confident that Scott, an accomplished and well-educated hospital administrator, and the relatively large law firm that is representing her have enough resources between the two of them to maintain focus on the appeal and collection efforts.

Secondly, Scott argues that her appeal will be "effectively rendered moot" if she is denied a stay pending appeal. Although the argument is not entirely fleshed out, it appears that Scott is concerned that denying the stay pending appeal will allow Metropolitan to collect on a debt that may be ultimately discharged in bankruptcy if her appeal is successful. This argument may have been convincing if Scott currently possessed significant non-exempt assets. However, Scott specifically states in her brief that she has no assets that Metropolitan can collect. Mem. in

4

Supp. of Mot. for Stay Pending Appeal [DE-43] at 6-7 ("Mrs. Scott has no assets other than those being administered by the chapter 7 trustee. . . . The Appellees have acknowledged on the record that Mrs. Scott has no assets, and that their primary interest was in pursuing [her husband] for receipt of conveyed property. That action is complete, and there is no other reason for Appellees to pursue collection other than for purposes of harassment."). Assuming, as the court must, that this is true, Metropolitan's collection efforts will be limited to pursuing discovery regarding Scott's current financial condition[1] and Scott's appeal will not be rendered moot absent a stay pending appeal. While it is true that Scott may obtain non-exempt assets while the appeal is pending, the court is not going to allow the extraordinary remedy of a stay pending appeal absent a concrete showing that Scott is likely to obtain such assets. *Winter*, 555 U.S. at 22 ("[The] 'possibility' standard is too lenient. Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction."); *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346-47 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010) (same).

Turning to the harm to Metropolitan, the court agrees with Scott (and the bankruptcy court) that the harm to Metropolitan will be relatively minimal if the stay is granted. However, as Metropolitan notes, Scott has a history of concealing evidence and a stay pending appeal would prevent Metropolitan using discovery procedures and other judicial enforcement methods to investigate whether she is currently concealing assets. In addition, Scott has demonstrated that

---

[1] Because the parties do not address it, the court presumes that Metropolitan's collection efforts will not violate the automatic stay. 11 U.S.C. § 362. However, Metropolitan should ensure that the automatic stay has been lifted or otherwise does not apply to the sanctions debt before pursing any collection efforts.

5

she intends to pursue this litigation for the foreseeable future. The court finds Metropolitan will be harmed if a stay is enforced at every stage of this litigation (as it has been thus far) and Metropolitan is thereby prevented from investigating Scott's financial status. However, as Scott notes, this harm does not rise to the level of "substantial injury" required by the standard. *Nken*, 556 U.S. at 434.

Finally, the court does not agree that the public interest will be served by a stay pending appeal. Scott advances the identical argument in this regard that she maintained before this court on appeal: that the substantial sanctions award will deter potential whistleblowers from coming forward in future corporate misconduct cases. The court fails to see the connection. It is difficult to fathom how the sanctions award in this case would deter a potential whistleblower from informing authorities about corporate misconduct, especially in light of incentives to report such conduct. Nothing in the Michigan sanctions opinion suggests that Scott's whistleblowing conduct had anything to do with the sanctions award. As the court and Metropolitan have noted, the sanctions award was caused by Scott's independent litigation misconduct and the court is confident that potential whistleblowers who hear about this case will understand that fact.

Scott frames her second argument regarding the public interest as follows: "the very question of the stay goes to the heart of bankruptcy policy: where the question of discharge is pending, should a debtor's postpetition assets be subject to execution?" Mem. in Supp. of Mot. for Stay Pending Appeal [DE-43] at 7. This may be a concern in a case where a debtor has non-exempt post-petition assets that are subject to execution and the automatic stay does not apply to

6

the creditor's collection efforts,[2] but Scott has affirmatively represented that she does not currently have any assets subject to execution. The court is not going to enforce the extraordinary remedy of a stay pending appeal on the assumption that Scott will obtain non-exempt assets on some date in the future, absent a concrete showing that she is likely to obtain such assets.[3]

In sum, Scott has failed to make the requisite showing for a stay pending appeal. The court finds that she has failed to show a likelihood of success on the merits, that she will be irreparably harmed absent a stay, or that the public interest will be served by allowing a stay pending appeal. While the court is not convinced that Metropolitan will be "substantially injured," *Nken*, 556 U.S. at 434, absent a stay pending appeal, Scott bears the burden of proof on this motion and she has failed to demonstrate three of the four factors. *See Real Truth About Obama,*, 575 F.3d at 346-47 (explaining, in the related preliminary injunction context, that a "clear showing" on each of the four elements is required).

## IV. CONCLUSION

For the foregoing reasons, Scott's Motion for Stay Pending Appeal [DE-42] is DENIED. The Clerk of Court is DIRECTED to forward a copy of this order to the clerk's office for the

---

[2] As explained, the parties do not address the automatic stay in their briefing and the court assumes for purposes of ruling on the motion that the automatic stay does not prevent Metropolitan from collecting on the sanctions award. If the automatic stay applies, there is no need to request a stay of execution of the court's prior judgment because Metropolitan would be prohibited under § 326 from engaging in collection efforts as to the sanctions award. 11 U.S.C. § 326(a)(7) (prohibiting "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [chapter 7 case]").

[3] The court is also confident that Scott will request a stay from the Fourth Circuit in the event that she obtains post-petition assets that are subject to execution.

7

United States Court of Appeals for the Fourth Circuit.

SO ORDERED.

This the 21 day of November, 2013.

                                                     /s/ James C. Fox
                                                     JAMES C. FOX
                                                     Senior United States District Judge